UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHAHRIAR SHAHBAZI, ET AL.,**

   Plaintiffs,

v.                                            No. 4:22-cv-0591-P

**CARRINGTON FORECLOSURE SERVICES, LLC, ET AL.,**

   Defendants.

## OPINION & ORDER

Before the Court is Defendant Carrington Foreclosure Services, LLC's ("Carrington") third motion to dismiss for failure to state a claim. ECF No. 49. Having considered the motion, relevant docket entries, the applicable law, and the behavior of counsel, the Court hereby **GRANTS** the motion.

## FACTUAL & PROCEDURAL BACKGROUND

Over the seven-month life of this case, Plaintiffs' counsel has besieged the Court with a barrage of constant and nearly incomprehensible filings. For example, Plaintiffs' counsel has inappropriately filed "reply" briefs to the Court's orders striking and unfiling his briefs for violating the local rules or the Federal Rules of Civil Procedure. *See* ECF Nos. 17, 30, 55, 60, 63. Additionally, the complaint is devoid of any "short and plain statement[s]," FED. R. CIV. P. 8(a)(2)—in multiple instances, a single paragraph spans over five pages (*see, e.g.*, ECF No. 46 at 1–5, 13–19). Again, to quote General George S. Patton, Plaintiffs' counsel has truly "[d]o[ne] [his] damnedest in an ostentatious manner all the time." *See* ECF No. 42 at 1.

Summarizing Plaintiffs' operative complaint, he alleges that a residential property located in Tarrant County, Texas was owned by a man who unexpectedly died intestate. ECF No. 46 at 30–32. A squabble

over ownership of the residence followed, which ultimately resulted in a foreclosure sale initiated by Carrington. *Id.* at 32–34. Plaintiffs assert that many of the defendants conspired to post a defective notice document to initiate the foreclosure sale. *Id.* at 34–35.

The property was sold by Defendant David Stockman on behalf of the other defendants to Plaintiffs for $370,000. *Id.* at 36. But Plaintiffs allege that this activity was fraudulent due to the defective notice. *Id.* Defendants did not turn over the title to Plaintiffs, and from what the Court can decipher from the operative complaint, Stockman notified Plaintiffs that the foreclosure sale "was of no force or effect" due to the defective notice. *Id.* at 38–39.

Plaintiffs asserts claims of (1) "fraud," (2) "fraud in connection with a real estate matter," (3) "failure of various defendants to obey and comply with various provisions of Texas law including provisions of the Texas Property Code," (4) "civil conspiracy," (5) "negligence per se," (6) "negligence," and (7) "gross negligence." ECF No. 46 at 41–42. Plaintiffs also seek declaratory judgment relief, essentially asking the Court to fully adopt Plaintiffs' recitation of the facts. *Id.* at 45–46.

Carrington moves to dismiss the complaint under Rule 12(b)(6), contending that Plaintiffs failed to state a claim. ECF Nos. 49, 50 at 4–10. The Court notified Plaintiffs that it intends to consider whether Plaintiffs' operative complaint states a claim against any of the defendants. ECF Nos. 46 (complaint), 65 (notice). The Court also gave Plaintiffs an opportunity to respond. ECF No. 65. Plaintiffs responded (ECF No. 71), and the motion is now ripe for review.

## LEGAL STANDARD

To survive a motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts all well-pleaded facts as true, drawing all inferences in favor of and viewing all facts in the light most favorable to

the nonmoving party. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

## ANALYSIS

### I. Authority to Dismiss Sua Sponte

Plaintiffs' counsel heavily criticizes the Court's ability to dismiss their complaint sua sponte. ECF No. 71 at 1, 5. Plaintiffs state that sua sponte dismissal prior to all Defendants appearing in this case would be "fundamentally unfair, manifestly unjust, legally improper, and irreparably prejudicial," (*id.* at 1), so much so that dismissal would be a "denial of due process," (*id.* at 5).

The Fifth Circuit says otherwise. It is well established that a district court may dismiss a complaint sua sponte so long as the litigant receive notice and an opportunity to respond. *See Century Sur. Co. v. Blevins*, 799 F.3d 366, 372–73 (5th Cir. 2015); *Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 770 n.5 (W.D. Tex. 2020). Plaintiffs have now filed three complaints attempting to state the factual and legal bases for their claims against Defendants. *See* ECF Nos. 12, 17, 46. The Court notified Plaintiffs that it intends to consider whether to dismiss the complaint sua sponte. ECF No. 65. It gave Plaintiffs an opportunity to respond, to which Plaintiffs filed a reply brief. ECF No. 71.

The Court has therefore followed the proper procedure to address whether to dismiss Plaintiffs' complaint sua sponte. Plaintiffs' counsel's criticism of the Court's ability to do so are thus exaggerated and baseless.

### II. Rule 12(b)(6) Dismissal

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Among other things, this means that a plaintiff must state his legal basis for suing each defendant. *See Strain v. Kaufman Cnty. Dist. Att'y's Off.*, 23 F. Supp. 2d 698, 703 (N.D. Tex. 1998); *Elder v. Texas*, No. 6:06-cv-504, 2007 WL 541947, at *2 (E.D. Tex. Feb. 16, 2007).

3

Plaintiffs have failed to clearly articulate the legal bases for their claims against all Defendants. Plaintiffs' complaint never states under what statutes or legal authority they assert their claims. Instead, they summarily conclude that Defendants' conduct violates Texas law. *See* ECF No. 46 at 34, 41–42.

The complaint is so defective that Carrington had to guess the Texas laws under which Plaintiffs are suing. ECF No. 50 at 4–10. Were Plaintiffs proceeding pro se, construing the complaint so liberally would be proper. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But Plaintiffs here are represented by a long-time Fort Worth attorney who—after having three attempts to state the legal bases for Plaintiffs' claims—should know better.[1]

Because the complaint, after three attempts, does not contain short and plain statements of the claims, the Court therefore dismisses the legal claims against all defendants without prejudice. *See* FED. R. CIV. P. 8(a)(2); *Boswell v. Honorable Governor of Tex.*, 138 F. Supp. 2d 782, 786 (N.D. Tex.) (Mahon, J.) (dismissing a pro se complaint without prejudice because the plaintiff used "a 'shot-gun' approach, reciting pages of unrelated facts combined with cryptic legalese only serving to confuse the reader," and "fail[ed] to provide the barest notice of any cause of action").

### III. Declaratory Judgment

As for Plaintiffs' requested equitable relief, 28 U.S.C. § 2201(a) provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Here, Plaintiffs want the Court essentially to rule on eight disputed issues of fact in Plaintiffs' favor. *See* ECF No.

---

[1] The Court is deeply concerned that Plaintiffs' counsel appears to be unaware of the proper procedure for federal court pleadings, given counsel's years of experience litigating in Fort Worth. For example, Plaintiffs' counsel routinely criticizes Carrington for not having filed an answer in this case, asserting that Carrington's motion to dismiss is "improper." *See, e.g.*, ECF No. 51 at 5, 9. Again, Plaintiffs' counsel is wrong. It is not "improper" for Carrington's counsel to file a motion to dismiss in response to a complaint before filing an answer. To the contrary, that is proper procedure. *See* FED. R. CIV. P. 12(b).

46 at 45–46. Declaratory judgment is not the appropriate vehicle for Plaintiffs to obtain the result they seek—summary judgment or a jury trial is. The Court therefore dismisses the claim for declaratory judgment.

## CONCLUSION

The Court cannot determine the legal bases for Plaintiffs' claims against Defendants. Plaintiffs have had three attempts to state their claims and still failed to do so. The Court, accordingly, gave Plaintiffs notice and an opportunity to respond to the Court's intention to consider whether to dismiss this case sua sponte against all Defendants. Because of the deficiencies in the operative complaint noted above and Plaintiffs did not request leave to amend their complaint for the fourth time, the Court **DISMISSES** all claims against all Defendants **without prejudice**.

**SO ORDERED** on this **15th day of February 2023**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE